**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Stewart, et al., | No. CV-20-01873-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Southwest Title Loans Incorporated, et al., | |
| Defendants. | |

Plaintiff Brenda Stewart accuses Defendant Secure Asset Services, PLLC d/b/a Secure Asset Services, LLC ("SAS") of violating the Fair Debt Collections Practices Act by repossessing her 2013 Toyota Corolla. In particular, Arizona law permits secured parties to take possession of collateral without judicial action so long as there is no breach of the peace, A.R.S. § 47-9609(B)(2), and here there was a breach of the peace both because Stewart protested the repossession and because SAS damaged Stewart's property during the course of the repossession. Stewart served SAS on March 9, 2021, but SAS failed to appear or otherwise respond. The Clerk entered default on April 5, 2021. Stewart now seeks entry of default judgment.

After default is entered by the clerk, the court may enter default judgment pursuant to Federal Rule of Civil Procedure 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-

making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

The Court has considered the *Eitel* factors and finds that they favor default judgment. SAS failed to respond to the complaint despite being served. If default judgment is not granted, Stewart "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Stewart's complaint sufficiently states plausible claims to relief. Stewart seeks $1,000 in statutory damages, $735 in actual damages, $8,500 in attorneys' fees, and $550 in costs. These amounts are reasonable in relation to the allegations in the complaint and the work counsel has performed thus far. Given the sufficiency of the complaint and SAS's default, "no genuine dispute of material facts would preclude granting [Stewart's] motion." *Id*. There is no evidence that SAS's default was the result of excusable neglect. And although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Indeed, it is difficult to reach the merits when the opposing party is absent. Accordingly,

**IT IS ORDERED** that Stewart's motion for default judgment (Doc. 25) is **GRANTED**. Default judgment is entered in favor of Stewart and against SAS in the amount of $10,785.00, comprising statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), compensatory damages of $735.00 pursuant to 15 U.S.C. §

1692k(a)(1), reasonable attorney's fees and costs in the amount of $9,050.00 in accordance with 15 U.S.C. § 1692k(a)(3).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and terminate this case.

Dated this 24th day of January, 2022.

Douglas L. Rayes
United States District Judge